SCHROEDER, Circuit Judge,
concurring separately:
I agree with the result reached by the majority. The 1978 Bankruptcy Reform Act exemption, which makes certain liens unenforceable after the effective date of the Act, constitutionally can be applied to a lien created after the statute was enacted but before it became effective. I write separately only because I think the majority makes the problem harder than it is.
Congress clearly intended this result. The statute unambiguously provides for it. At the time this lien was created, the creditor had full notice that under the new law the lien would be unenforceable in the event the debtor filed for bankruptcy after the new Act became effective. In my view, application of the statute to liens created after the statute was passed simply does not present a substantial question, much less a close one. See, e.g., Note, Bankruptcy—Section 522(f) of the 1978 Code—Constitutionality of its Application to Security Interests Pre-Dating Enactment of the Code, 27 Wayne L.Rev. 1281, 1288-90, 1293, 1299, 1302 n.143 (1981); Note, Constitutionality of Retroactive Lien Avoidance Under Bankruptcy Code Section 522(f), 94 Harv.L.Rev. 1616, 1617 n.10 (1981).
Congress could have made the Act effective from the date of its passage. Had it done so, application of the exemption provisions to this post-enactment lien would raise no possible question of retroactive interference with property rights. Instead, Congress gave some lead time for the public to gain familiarity with the new Act and to adjust debtor/creditor practice accordingly. The creditor can hardly claim to have been prejudiced by Congressional leniency in deferring the effective date.